[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS No. 139 and No. 141
The court has for consideration the plaintiff's motion for support for the minor child Miguel who is age 15 and resides with his mother and the defendant's motion for support for the minor child Adam who is age 11 and resides with his father. On June 2, 1987 this court entered a decree of dissolution of the parties marriage and ordered joint legal custody of the two boys, issue of the marriage and ordered principal residency of the boys to be with their father, the boys to spend the summer months with their mother in Florida. This was by way of agreement approved by the court (Levine, STR). The court ordered that the defendant was responsible "for the complete support of the minor children as well as their medical and dental care."
In the spring of 1990 both children indicated to their father that they wished to reside with their mother in Florida. On June 30 the children joined their mother at her home in Florida and remained until December 20 when they visited their father in Fairfield for the Christmas holidays. At the conclusion of the holidays on January 6, 1991, Adam choose to remain with his father and Miguel returned to Florida with his mother. The court has now entered orders modifying the CT Page 1845 original orders on primary residency; that is, the primary residence of Adam shall be with his father and the primary residence of Miguel shall be with his mother. For the period from June 30 to December 20, 1990, the plaintiff had both children with her with no support payments from the defendant. The court order of 1987 had not provided for payment of support to the plaintiff while the children were with her.
The defendant is a practicing attorney. He was remarried in October 1987 and has had two children of this marriage. His wife is not employed outside the home and makes no contribution to the household expenses.
The plaintiff has her master's degree in speech pathology from Purdue University. She has not worked in this profession, however, she works thirty-five hours per week in the film and video industry, works as an actress, as an acting teacher, teaches a tennis clinic, and has made commercials and written scripts. In her financial affidavit she reports gross income during all of 1990 in the amount of $1,208.00 with business expenses of $1,609.00. She has not applied for a full time job since the decree of dissolution.
The defendant maintains that the plaintiff has an earning capacity and is capable of earning much more than the amount she is earning at present.
However, the court has been presented with no evidence of the plaintiff's earning capacity. The plaintiff seeks the following orders:
 Payment of Dr. Marachi's bill for testifying in the amount of $250.00.
 Payment of her counsel fees in the amount of $2,500.00.
 Support for the period when both children were with her in an amount of $800.00 per week for 24 weeks or $19,200.00.
 Six Hundred Dollars ($600.00) a week support for Miguel.
 Payment by the defendant of all of Miguel's reasonable and necessarily incurred medical and dental expenses.
 That the custodial account for Miguel presently in the defendant's name as Custodian be transferred CT Page 1846 to the plaintiff as Custodian.
The court has considered the factors of 46b-84 of the General Statutes together with the Family Support guidelines. On the plaintiff's motion for support (#139), the court enters the following orders:
1. The defendant shall pay to the plaintiff the sum of $400.00 per week for the support of the two minor children for the period September 1, 1990, to December 20, 1990, 16 weeks, or a total of $6,400.00 the same to be paid within two weeks of this date.
2. The defendant shall pay to the plaintiff commencing January 6, 1991, the sum of $250.00 per week for the support of Miguel.
3. The defendant shall pay to the plaintiff the sum of $125.00 toward the bill of Dr. Marachi, said amount to be paid within two weeks of the date hereof. The plaintiff to pay the remaining portion of Dr. Marachi's bill.
4. The defendant shall maintain medical and hospital insurance for Miguel equivalent to Blue Cross, Blue Shield and major medical insurance. The plaintiff shall have the benefit of 46b-84 (c) of the General Statutes. Any uninsured or unreimbursed medical or dental expenses including ophthalmological expenses, prescription drug expenses, nursing, counseling, psychiatric, psychological, or tutoring expenses shall be shared equally by the parties. For those non-emergency expenses which are likely to be uninsured or unreimbursed expenses of the foregoing nature, the defendant shall be consulted and his consent obtained before incurring such expense, which consent shall not be unreasonably withheld.
5. Each party shall pay his or her own attorney's fees.
6. The custodial account for Miguel shall remain in the defendant's name as custodian for Miguel.
7. The defendant is self-employed so there shall be no order for wage withholding pursuant to PA 89-302.
As to the defendant's motion for support, that shall be granted and the following orders shall enter:
1. The plaintiff shall pay support to the defendant for Adam in the amount of $50.00 per week commencing January 6, 1991. CT Page 1847
2. The defendant shall maintain medical and hospital insurance for Adam equivalent to Blue Cross, Blue Shield and major medical insurance. Any uninsured or unreimbursed medical or dental expenses including ophthalmological expenses, prescription drug expenses, nursing, counseling, psychiatric, psychological, or tutoring expenses shall be shared equally by the parties. For those non-emergency expenses which are likely to be uninsured or unreimbursed expenses of the foregoing nature, the plaintiff shall be consulted and her consent obtained before incurring such expense, which consent shall not be unreasonably withheld.
3. Each party shall pay his or her own attorney's fees.
4. The plaintiff is self-employed so there shall be no order for wage withholding pursuant to PA 89-302.
At the present time the defendant may pay the net difference or $200.00 per week to the plaintiff by way of support. Should the payment of support to the plaintiff for Miguel terminate for any reason, the plaintiff would then be obligated to submit her separate payments for support to the defendant for Adam as set forth above.
Orders shall enter on the motions in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE